UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS DEWEY ROBERTS,

    Plaintiff,

v.                                                                          Case No: 6:17-cv-565-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

    This case comes before the Court without oral argument on Plaintiff's Unopposed Motion for the Court to take Judicial Notice (Doc. 26). Plaintiff asks the Court to take judicial notice of a document titled "*Supplemental Security Income Fraud Involving Middlemen: Hearing Before the Subcomm. on Oversight & the Subcomm. on Human Res. of the H. Comm. of Ways & Means*, 103d Cong. 83-84, 89-90 (1994) (statement of SSA Commissioner Shirley Chater).

    The Court does not know what this document is, how it bears on the case, or if the information contained in the document is subject to being judicially noticed. For example, is the information Plaintiff asks the Court to take judicial notice of an adjudicative or legislative fact? Federal Rule of Evidence 201(a) "governs judicial notice of an adjudicative fact, not a legislative fact." The Committee Notes explain that, "[a]djudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or the enactment of a legislative body." Advisory Committee Notes 1972 Proposed Rules.

Now, the motion is **DENIED without prejudice**. If Plaintiff refiles his motion he should attach to it, a copy of what he is asking the Court to judicially notice, and better explain why judicial notice is appropriate under FRE 201 and applicable case law.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record