UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS DEWEY ROBERTS,

    Plaintiff,

v.                                        Case No: 6:17-cv-565-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act, as amended, 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of Defendant, the Commissioner of the Social Security Administration (the "Commissioner") denying his claims for Disability Insurance Benefits and Supplemental Security Income. Upon review, I respectfully recommend that the Commissioner's final decision in this case be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

### Background[1]

On July 25, 2006, Plaintiff filed for benefits, alleging an onset date of January 1, 2003 (Tr. 255-262). He claimed he was disabled due to Hepatitis C, fatigue, weakness, headaches, shoulder and arm problems, and depression (Tr. 389). His claims were denied initially and on reconsideration (Tr. 144-147, 149-152, and 154-156). Plaintiff requested a hearing before an administrative law judge ("ALJ") and on February 23,

---

[1] The information in this section comes from the parties' joint memorandum (Doc. 35).

2007, ALJ David B. Daugherty issued a fully favorable decision finding, without a hearing, that Plaintiff was disabled as of November 18, 2005 (Tr. 132-138, 153).

On May 18, 2015, the Commissioner informed Plaintiff that his eligibility for benefits needed to be re-determined because there was reason to believe his award was based on fraud (Tr. 157-163). In 2016, ALJ Amy Benton held an administrative hearing and, on June 29, 2016, she issued a decision finding Plaintiff was not disabled during the relevant time period of January 1, 2003 (Plaintiff's alleged onset date) through February 23, 2007 (the date of the prior decision) (Tr. 32-55, 58-83). The Appeals Council denied Plaintiff's request for review of this decision, making ALJ Benton's June 2016 decision the final decision of the Commissioner (Tr. 10-15).

Having exhausted his available administrative remedies, Plaintiff filed this action for judicial review (Doc. 1).[2] The dispute has been fully briefed, and was referred to me for a report and recommendation.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process published in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four

---

[2] Plaintiff's complaint raised other issues regarding the propriety of the redetermination process. These issues were resolved in the Commissioner's favor on summary judgment and do not impact the present analysis.

and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

The ALJ performed the required sequential analysis in this case. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date and through February 23, 2007 (Tr. 39). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of carpal tunnel syndrome in the left upper extremity, left rotator cuff tear, history of substance abuse, borderline intellectual functioning, and antisocial personality disorder (20 CFR 404.1520(c) and 416.920(c)) (Tr. 39). At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr. 40-42). Next, the ALJ decided that Plaintiff had the residual functional capacity to perform

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except the beneficiary could only occasionally reach overhead and frequently in all other directions with the upper non-dominant extremity. Further, the beneficiary (1) understand, remember and carry out simple instructions; (2) have occasional interaction with supervisors, coworkers and the public; (3) only make simple, work-related decisions; and (4) only tolerate occasional change in work location.

(Tr. 42).

At step four, the ALJ determined that Plaintiff had no past relevant work (Tr. 47).[3] Based on the testimony of a vocational expert, the ALJ concluded at step five that considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he could

---

[3] On the alleged disability onset date, Plaintiff was forty one years old, with a limited education and a general education diploma, and no past relevant work experience (Tr. 47, 63-64).

have performed during the relevant time period (Tr. 47-48, 78-79). As a result, the ALJ found that Plaintiff was not under a disability from January 1, 2003, through February 23, 2007, the date of the prior decision (Tr. 48-49).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

A claimant may seek to establish that he is disabled through his own testimony regarding his pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210

- 4 -

(11th Cir. 2005). To do so, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. Id. When an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Id., see also Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ applied the pain standard to Plaintiff's testimony and determined that Plaintiff's "medically determinable impairments could reasonably be expected to have caused the alleged symptoms; however, the beneficiary's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (Tr. 43). The ALJ supported this general statement with numerous specific findings, concluding:

> In sum, the above residual functional capacity assessment is supported by the objective medical evidence, the opinions of record, and the beneficiary's hearing testimony. I find the beneficiary's allegations are not fully consistent with the medical evidence of record. The record shows only a few treatment encounters in July 2005 and the consultative examinations in August 2006 (Exhibits BIF, B2F, B16F). The lack of medical treatment strongly suggests the beneficiary was not as limited as alleged. I note that I have considered the new evidence in determining the beneficiary's impairments and residual functional capacity. The only evidence from the

> relevant period regarding his carpal tunnel syndrome and rotator cuff tear was the consultative examination showing evidence of decreased grip in the left upper extremity (Exhibit BIF). However, the new evidence contains imaging showing a left rotator cuff tear and shows the beneficiary underwent left carpal tunnel release and rotator cuff repair (Exhibits B12F, BI5F). Also, I have considered the beneficiary's hearing testimony regarding his difficulty lifting with his left upper extremity in finding he had two severe physical impairments that caused vocational limitations. While I have found these impairments were severe, I note that the residual functional capacity is consistent with the beneficiary's testimony that he had no difficulty standing and walking and could lift up to 30 pounds. In terms of his mental impairments, the medical evidence of record shows no mental health treatment during the relevant time period and suggests that the beneficiary was able to perform unskilled work as outlined in the residual functional capacity. For the reasons stated, I find the beneficiary had the ability to perform the residual functional capacity outlined above.

(Tr. 46-47- emphasis added).

Plaintiff contends that this finding is not adequately supported because the ALJ concluded that Plaintiff could perform "medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except [Plaintiff] could only occasionally reach overhead and frequently in all other directions with the upper non-dominant extremity" (Tr. 42) and medium work, as defined by 20 CFR 404.1567(c), "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects [sic] weight up to 25 pounds." (Doc. 35 at 12). Plaintiff contends that the ALJ's finding that his residual functional capacity assessment was consistent with his testimony is not supported by substantial evidence because Plaintiff testified that he could "maybe" lift 20 to 30 pounds, but he had to lift it all with his right arm because his left arm hurt so badly (Tr. 67). Plaintiff argues that the ALJ failed to articulate any reasons why she was rejecting his testimony regarding his lifting limitations during the relevant time period and, if the ALJ had properly credited his testimony, then

the ALJ would have found that Plaintiff was precluded from performing medium work as he was unable to perform the lifting requirements. I respectfully disagree.

Plaintiff was asked how much weight he could lift during the relevant time frame and he testified "probably, maybe, 20 to 30 pounds ..." with his right arm (Tr. 67). He was asked if he had trouble standing and walking during this period and he responded: "No, not really." (Tr. 66). The ALJ summarized this testimony in her decision, noting: "He testified he did not have problems standing and walking and that he could lift 20 to 30 pounds. He testified his left arm hurt and he would have had to lift with his right arm." (Tr. 43). This is not a mischaracterization of Plaintiff's testimony.

Secondly, contrary to Plaintiff's assertion, the ALJ listed several reasons why she was discounting Plaintiff's allegations regarding his limitations and those reasons are supported by substantial evidence. The ALJ observed that there was no medical evidence of treatment contemporaneous with Plaintiff's alleged onset date of January 1, 2003. The ALJ also noted there was no evidence that Plaintiff had received treatment until July 2005 when he was seen at the county health clinic (Tr. 43). At that visit, physical examination was normal and, other than one follow up visit in August 2005 for lab results, the record "does not show any further treatment during the relevant period." (Tr. 43, 886-891). The ALJ also acknowledged and gave some weight to a consultative physical examination and a consultative psychological examination conducted in August 2006 (Tr. 43-45, 389-402). As the ALJ noted, Plaintiff's consultative physical examination showed nearly full 4/5 left grip strength, full 5/5 right grip strength, full 5/5 overall upper extremity strength, intact fine finger manipulation, and full range of motion in Plaintiff's shoulders, elbows, wrists, cervical spine, and finger and thumb flexion (Tr. 44, 391-92, 394). The ALJ also reviewed records after the relevant time period, and oberved that by early 2009,

Plaintiff had experienced significant improvement in his pain and functioning, to the point where he reported he was able to cut and chop wood and lift a television (Tr. 44, 647-66, 902).

"The question is not ... whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). Here, the ALJ provided a detailed analysis of the sparse evidence of record, supplied a rationale for her findings, and her conclusions are supported by the evidence she cites. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted). On this record, and for these reasons, I conclude that Plaintiff's arguments concerning the ALJ's credibility finding should be rejected.

## Recommendation

As the Commissioner's administrative decision comports with proper legal standards and is supported by substantial evidence, I respectfully recommend that it be **AFFIRMED**, and that the Clerk be directed to enter judgment accordingly and **CLOSE** the file.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

   **RESPECTFULLY RECOMMENDED** at Orlando, Florida on April 27, 2018.

                 THOMAS B. SMITH
                 United States Magistrate Judge

Copies furnished to:

  Presiding United States District Judge
  Counsel of Record